REVERSED AND REMANDED.
On Rehearing
I,STEWART, J.
Chad and Shelly Hebert, individually and on behalf of their three minor children (“the Heberts”), appeal a partial judgment that dismissed their claim for penalties against State Farm Fire and Casualty Company (“State Farm”) on an exception of prescription. The original three judge panel reversed the trial court, and State Farm filed an application for rehearing which was granted by a five judge panel of this court. For the reasons expressed, we affirm the judgment of the trial court.
FACTS
The Heberts entered an agreement with James and Sandra Hill (“the Hills”) to lease the Hills’ rental house at 1608 Genially Lane, Shreveport, from October 1999 through October 2000. After that, they remained in the house on a month-to-month basis.
On March 17, 2001, the Heberts notified the Hills of a water leak, apparently from the water heater, which had dampened the carpet and sheetrock in several rooms. Three days later the Hills notified State Farm, their property insurer, of the leak and damage, as well as the fact that the *772 Heberts were living in the house. State Farm advised the Hills that the policy would cover damages done by the leaking water but not the replacement of the water heater itself. The Hills replaced the water heater in April 2001, but did not repair or replace the carpet or sheetrock. State Farm sent an inspector to the house in June 2001.
In March 2002, one of the Heberts’ children was diagnosed with neurological hearing loss which would require surgery. On the advice of the Caddo Parish Health Unit, the Heberts hired an environmental lab to test lathe house. Test results showed “black mold” in the water heater area and high levels of toxic molds throughout the house. The Heberts vacated the house later in March 2002, at which time the carpet and sheetrock still had not been replaced. They later discovered that their youngest son also suffered from neurological damage, and that visiting family members had developed mold allergies while staying at the house.
The Heberts filed this suit for damages against the Hills and State Farm on June 7, 2002. They included a claim for penalties against State Farm under La. R.S. 22:658(A)(3) for failing to initiate loss adjustment within 14 days of receiving the Hills’ claim on March 20, 2001. State Farm filed exceptions of no right of action, no cause of action, and prescription as to the penalties claim. At a hearing on the exceptions, the parties stipulated that the Heberts were unaware of the mold contamination until they received the results of the environmental study on April 2, 2002.
The district court sustained the exception of prescription and dismissed the penalty claim as prescribed; it further stated that the other exceptions were moot. An appeal followed, and the original panel reversed the finding of the trial court on the issue of prescription and rejected State Farm’s arguments on the issues of no right of action and no cause of action. State Farm then filed the instant application for rehearing.
DISCUSSION
Although the original panel reversed the trial court on the issue of prescription, we find that the Heberts have no right of action or cause of | -¡action under the facts of this ease, thus pretermitting any discussion of the prescription issue.

Exceptions of No Right and No Cause of Action

State Farm asserts that the original panel erred in reversing the trial court in finding that the Heberts had a right of action or cause of action against them for penalties under La. R.S. 22:658(A)(3). We agree because we find that the Heberts were never claimants within the meaning of La. R.S. 22:658(A)(3). As such, State Farm cannot be subjected to any penalties for failure to timely adjust and pay a claim under the statute.
The action against an insurer for failure to adjust and pay a claim timely is established by La. R.S. 22:658(A):
§ 658. Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; penalties; arson-related claims suspension
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract, other than those specified in *773 R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 28 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of 14this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
State Farm urges in brief that the He-berts’ claim fails to state a right of action because they never filed a claim with State Farm. The record shows that in March of 2001, the Hills submitted a claim to State Farm for payment because of the damage caused by the water leak in the Heberts’ residence. State Farm paid the Hills for that claim, but the Hills failed to replace the carpet that had been soaked in water or the damaged sheetrock. The Hills did replace the broken hot water heater. The Heberts made no claim upon State Farm until March of 2002, when the instant suit arose out of alleged damage from the mold in the residence. Although third parties may be included in the class of persons contemplated by this statute, they must first be a claimant. If anyone would have a cause of action for State Farm’s alleged failure to timely adjust and pay a claim related to the initial water leak, it would have been the Hills. However, State Farm paid for that claim, and the Hills failed to make the repairs to the sheetrock and the carpet. The Hills made no complaint against State Farm under La. R.S. 22:658. Consequently, we find that the Heberts were not claimants under La. R.S. 22:658 in March of 2001, and they have no right of action for penalties under the statute.
Because it is penal in nature, § 658 must be strictly construed. Hart v. Allstate, 437 So.2d 823 (La.1983); Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La. App.2d Cir.9/22/99), 742 So.2d 746. When a statute is |sclear and free from ambiguity, the court may not restrict or expand its literal meaning under the pretext of pursuing its spirit. La. R.S. 1:4; Horton v. State Farm Ins. Co., 25,943 (La.App.2d Cir.8/17/94), 641 So.2d 993. Consequently, we sustain the grant of partial summary judgment finding that the Heberts have no cause of action nor right of action against State Farm.
CONCLUSION
For the reasons expressed, we affirm the partial judgment dismissing the He-berts claims for penalties against State Farm under La. R.S. 22:658. Costs are assessed to the appellants. This case is remanded to the trial court for further proceedings.
AFFIRMED.
MOORE, J., dissents with written reasons.
DREW, J., dissents for the reasons assigned by Judge Moore.